NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY WILLIAM COLEMAN, *Petitioner*.

No. 1 CA-CR 13-0221 PRPC

FILED 10-16-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2007-132471
The Honorable Barbara L. Spencer, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Anthony William Coleman, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which
Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

**T H U M M A**, Judge:

**¶1**        Petitioner Anthony William Coleman, Jr. seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, this court grants review but denies relief.

**¶2**        A jury convicted Coleman of second degree murder and misconduct involving weapons. The superior court sentenced Coleman to an aggregate term of 16 years' imprisonment and his convictions and sentences were affirmed on direct appeal. *State v. Coleman*, 1 CA-CR 08-0605 (Ariz. App. Sept. 10, 2009) (mem. decision). Coleman now seeks review of the summary dismissal of his third successive petition for post-conviction relief. This court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Coleman argues *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012), constitutes a significant change in the law that allows him to raise an untimely claim of ineffective assistance of his first post-conviction relief counsel. Coleman argues counsel who represented him in his first post-conviction relief proceeding was ineffective by failing to raise various claims of ineffective assistance of trial counsel. *Martinez* held that, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." __ U.S. at __, 132 S. Ct. at 1320. Under *Martinez*, Coleman may seek habeas corpus relief in federal court based on ineffective assistance of trial counsel if he can first show either he had no counsel in his first post-conviction relief proceeding or if counsel in his first post-conviction relief proceeding was ineffective. *Martinez* does not, however, require a state court to consider all untimely claims of ineffective assistance of counsel raised in state post-conviction relief proceedings.

¶4        For these reasons, this court grants review but denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh